[No. 8,335.—Department Two.]
July 25, 1882.

## JOHN ANDERSON v. JOHN HANCOCK.

TAX-DEED—DESCRIPTION OF LAND BY NAME—ERASURES.—In an action to quiet title the plaintiff offered in evidence a deed made to him by the tax collector of the county in which the description of the land was as follows: "situate, lying and being within the County of San Bernardino and described thus: An undivided one half interest in and to that certain piece, parcel, or tract of land containing one thousand two hundred and eighty acres, situated in Rancho Muscupiabe, known as the Sylvester Bryant tract, bounded and particularly described as follows: Bounded north by the base of mountains, or north boundary of said Rancho Muscupiabe; east by range line between township No. one north and ranges three and four west, S. B. M.; on the south by that part of San Bernardino Rancho owned by Holmes & Golding; on the west by lands owned by Severence Brothers, the said one half interest containing six hundred and forty acres more or less, with improvements on the same, was by said Wm. Davies." The deed was objected to on the grounds (among others) that description of the land was insufficient and that certain alleged erasures had not been accounted for. The Court excluded the deed, but afterwards granted a new trial.

*Held:* The description is sufficient. It does not appear by the record that there were any erasures in the deed.

APPEAL from an order granting defendant a new trial

in the Superior Court of the County of San Bernardino. ROLFE, J.

The land was described in the deed referred to in the opinion as the "Sylvester Bryant Tract of the Muscupiabe Ranch."

It was objected to the deed when offered in evidence that the words "and to all owners and claimants known and unknown" were erased in two places and also the words "two dollars," but these words do not appear in the copy of the deed in the bill of exceptions.

*Hancock, Satterwhite & Curtis,* for Appellant.

There was no error in rejecting the deed. (*People* v. *Mahony*, 55 Cal. 286.)

The statute required a description by township, range, section, or fractional section; and when such land is not a Congressional division or subdivision, by metes and bounds or other description sufficient to identify it giving an estimate of the number of acres, locality, and improvements thereon. (P. C. § 3650, Subdiv. 2.) The burden of proof as to the erasures of the deed was on the plaintiff. (C. C. P. 1982.)

*C. W. C. Rowell,* and *Henry Melville,* for Respondent.

The name "Sylvester Bryant Tract," of the Muscupiabe Rancho, was alone sufficient to identify the tract assessed. (*People* v. *Crockett*, 33 Cal. 153 ; *High* v. *Shoemaker*, 22 id. 371 ; *Brunn* v. *Murphy*, 29 id. 329 ; *Wetherbee* v. *Dunn*, 32 id. 108 ; Pol. C. § 3650.) The burden of proving the erasure of printed matter in deed was on defendant. (*Corcoran* v. *Doll*, 32 Cal. 82 ; Code Civil Procedure, 1982.)

The COURT:

The description of the premises in the tax deed appears to us to be sufficient.

It does not appear by the record that there were any erasures in the deed. The copy set out in the bill of exceptions discloses none, and there is no evidence that there were any. The motion for a new trial may have been granted on the ground that no erasures appeared upon the face of the deed.

Order affirmed.