64  455
92  386
64  455
103  496

---

[Department One. — January 19, 1884.]

## JOHN ANDERSON, RESPONDENT, v. JOHN HANCOCK, APPELLANT.

LAW OF THE CASE.—A decision on appeal holding that a tax deed was not invalid for want of a sufficient description of the property, no other question as to the validity of the deed being presented, does not become the law of the case in respect to its sufficiency in other particulars.

TAX DEED—RECITALS.—The omission from a tax deed of a recital in the certificate of sale as to the time at which the purchaser would be entitled to a deed, is fatal to its validity.

APPEAL from a judgment of the Superior Court of the county of San Bernardino, and from an order refusing a new trial.

Action to quiet title. The plaintiff claimed under a tax deed. On a former appeal, a judgment in favor of the defendant was reversed, and a new trial awarded. The remaining facts sufficiently appear in the opinion.

*Satterwhite & Curtis*, and *L. Quint*, for Appellant.

*C. W. C. Rowell*, and *H. M. Willis*, for Respondent.

PER CURIAM. — It is contended by respondent that the decision of the court, on the former appeal (61 Cal. 88), that there is a sufficient description of land in the tax deed on which plaintiff and respondent relies, is a conclusive determination of the validity of the deed (so far as this action is concerned), and is "the law of the case"; that as a consequence defendant could not avail himself of any objection to the deed at the second trial which he had failed to take at the first trial.

It does not appear, either from the report of the decision on the first appeal, or from the transcript now before us, that the objections to the deed taken at the second were in fact taken at the first trial. The only question upon which the former

decision is the "law of the case" is the question made at the first trial, to wit: that the tax deed contained no sufficient description of any lands.

The tax deed does not recite the recital in the certificate of sale with reference to the time when the purchaser would be entitled to a deed. The deed is, therefore, void. (*Grimm* v. *O'Connell*, 54 Cal. 522; *Hubbell* v. *Campbell*, 56 Cal. 527.)

Judgment and order reversed.