[L. A. No. 2731. Department Two.—May 24, 1912.]

## A. L. HEALTON, Appellant, v. ADA R. MORRISON et al., Respondents.

TAXATION—SALE BY STATE OF LAND ACQUIRED FOR DELINQUENT TAXES—NOTICE BY MAIL ESSENTIAL TO VALIDITY—RECITALS IN TAX-DEED.—Under section 3897 of the Political Code, in the case of a sale by the state of real property acquired by it for delinquent taxes, the giving of the notice by publication and the mailing of a copy of the notice to the party to whom the land was last assessed next before the sale, at his last-known post-office address, are both jurisdictional prerequisites to a valid sale by the state, and a failure to give the latter notice when the condition existed requiring it, rendered the sale and the deed thereunder void. The recital in the tax-deed from the state on the matter of notice is not conclusive evidence on the subject, but *prima facie* evidence only and open to attack.

ID.—TIME OF MAILING NOTICE—THREE WEEKS BEFORE DATE OF SALE.—Although there is nothing in that section relating to the giving of personal notice by mail which specifically requires it to be given for any particular length of time, the reasonable and proper construction of the section demands that the notice should be mailed as long before the sale as the notice by publication is required to be given; that is, at least three successive weeks before the sale. A sale based upon a personal notice by mail of less duration, and the tax-deed issued thereon, are void.

ID.—NOTIFICATION FOR RETURN OF REGISTERED LETTER.—There is no provision in that section making it any concern of the tax-collector whether, after he mails the notice, the party to whom it is mailed gets it or not. When he mails it in time, addressed, and registered, his duty is discharged. There is no requirement of the statute that he should put a notification on the letter calling for its return to his office in the event of non-delivery, and there is no warrant for placing a notification thereon calling for such return at any time earlier than the date set for the sale.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

C. A. Stice, for Appellant.

O. B. Carter, and Ralph A. Chase, for Respondents.

LORIGAN, J.—This is an action to quiet title to lot 22, block "S" of the Dayton Heights tract in the county of Los Angeles, plaintiff claiming title under a tax-deed from the state of California. It was stipulated on the trial that plaintiff had no other title to the lot, and that unless the tax-deed to him was valid, the title to the property is vested in the defendant, Ada R. Morrison.

The defendants had judgment, the decree requiring repayment to plaintiff (as defendants had offered in their answer) of the amount of the taxes, penalties, interests, and costs against the property, paid by plaintiff to the state on its sale of the lot to him.

It is only necessary on this appeal to consider one of the many points upon which it is claimed by respondents that the deed from the state under which plaintiff claims is void, and the judgment properly rendered in their favor.

The deed from the state, upon which appellant relied, was made by the tax-collector of Los Angeles County on behalf of the state pursuant to a sale at public auction, noticed for and held on February 19, 1909, and the deed recited, among other things, that on February 2, 1909, the tax-collector had mailed a copy of the notice of sale "postage thereon prepaid and registered, to the party to whom the lot was last assessed next before such sale."

Evidence was introduced on the part of respondents showing that the party to whom the lot was last assessed prior to the sale and her address as appeared from the assessment-roll, was "Mary E. Waldron, Los Angeles, Calif."; that on February 2, 1909, the said tax-collector mailed a registered letter containing a copy of the notice of sale of said property addressed to "Mary C. Waldron, Los Angeles, Calif."; that the registered letter bore a notification on the envelope "Return in 5 days to W. O. Welch, County Tax-Collector, Los Angeles, Cal." and that on the eighth day of February, 1909, said registered letter was returned to the office of said tax-collector by the postmaster. It was further proven that under the rules of the United States postal department governing the delivery of registered letters, if such a letter is not delivered or called for by the party to whom it is addressed, it is retained in the post-office for a period of thirty days, unless instructions on the envelope call for its return to the sender at an earlier date, in which case it would be returned to the latter pursuant to the instructions.

Section 3897 of the Political Code prescribing the proceedings to be taken on the sale of property which has been purchased by the state for delinquent taxes, requires that the tax-collector shall cause a notice of such sale to be published for three successive weeks prior to the date fixed for the sale, and in addition to such published notice "that it shall be the duty of the tax-collector to mail a copy of said notice, postage thereon prepaid and registered, to the party to whom the land was last assessed next before the sale, at his last known post-office address."

We held in *Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527], that the giving of the notice by publication and the mailing of a copy of the notice to the party to whom the land was last assessed next before the sale, at his last known post-office address, were both jurisdictional prerequisites to a valid sale by the state, and that a failure to give the latter notice when the condition existed requiring it, rendered the sale and the deed thereunder void; that the recital in a tax-deed from the state on the matter of notice is not conclusive evidence on the subject, but *prima facie* evidence only and open to attack.

In making the sale in question here the tax-collector in an attempt to comply with the section, in addition to publishing the notice of sale, mailed a copy of the notice. As to such mailing it is, however, insisted by respondents that the action of the tax-collector in directing the letter to "Mary *C.* Waldron" instead of to "Mary E. Waldron," her proper name as it appeared on the assessment-roll, amounted to no notice at all. We do not stop to consider this point, but address ourselves to the more serious and vital one made by respondents as to the mailing itself of said notice,—namely, that within the contemplation of the section it was not mailed within the proper time; that when the condition exists requiring the tax-collector to give personal notice by mail to the person to whom the property was last assessed before the sale, it is necessary that such notice be given for at least the same period as the notice of sale is required to be published previously thereto, to wit, at least three weeks before the sale, and as it appears here that notice by mail was not given for that period, the tax-collector acquired no jurisdiction to make the sale or to execute a valid deed, and the trial court properly so held.

We are satisfied that this position of the respondent is correct. It is true that there is nothing in the section relating to the giving of personal notice by mail which specifically requires it to be given for any particular length of time, but when we take into consideration that the giving of notice by mail is made just as essentially a jurisdictional prerequisite to a valid sale as the publication of notice and the giving of both is provided for in the same section, it is only a proper and reasonable construction to hold that though specific direction is not given as to how long before the sale personal notice shall be mailed, the legislative intent is that it shall be given for the same period as notice by publication is required. The justness of this construction is strengthened when we consider the special purpose to be subserved by requiring personal notice. While the state might have sold the land without notice to the delinquent owner (*Fox* v. *Wright,* 152 Cal. 59, [91 Pac. 1005]), it deemed it proper in the exercise of that right to provide for giving him a last opportunity to redeem before the property would be lost to him. In providing for such notice the legislature made both publication and notice by mail, where the last post-office address was known, equally essential. It realized that published notice

of the sale, which is generally intended to accomplish the dual purpose of imparting notice to the delinquent owner that his property is about to be sold by the state and informing the public that they may purchase it, was not the most efficacious method of giving the delinquent owner a final opportunity to redeem, and so, in addition, personal service of notice by mail was provided for. It is quite obvious that the personal notice so required ordinarily affords a far better opportunity to the delinquent owner for obtaining notice of a contemplated sale of his property and permitting its redemption by him than is afforded by a publication, and certainly, in requiring the tax-collector under certain circumstances to give both, the legislature was providing as complete a method of protecting the delinquent owner against the loss of his property as could be reasonably devised, and undoubtedly, intended to make the method effective. No distinction, in terms, is made in the section between the period before the sale that publication shall be made and the time before the sale when the notice by mail shall be sent, and no valid reason can be suggested why a construction should be placed on the section making any such distinction. The period is fixed as to the time of publication prior to the sale; the section is silent as to the time of mailing notice prior thereto, but the subject with which the legislature is dealing is notice to the delinquent owner and the section prescribes that both notice by publication and by mail where residence is known are essential to the validity of a sale. As the giving of both kinds of notice is equally essential, it could not be the intention of the legislature to distinguish between the period for giving either; to fix definitely the period of publication and leave it to the discretion of the tax-collector (which would be the effect of any other construction) as to the time before the sale when he should give notice by mail. So construed the section would make a distinction between the importance and efficacy of the two essential kinds of notice provided to be given where it is certain that the legislature intended to make none. If the section were construed as leaving it to the discretion of the tax-collector to determine at what time prior to the sale he should mail notice, in many instances the attempt on his part to comply with the section would amount to practically no notice at all, as where the address of a party to whom the land was last assessed, as

appearing on the assessment-roll, might be in some distant part of the state, or in one of the remote states of the Union, or in some foreign country, and the notice mailed would be sent at such a time that it would render it extremely doubtful, if not impossible, that it should be received in time to act upon it. And in practically every case where the notice was given less than three weeks before the sale the question could fairly arise whether the notice was sent within a reasonable time. There would thus be no fixed standard for determining in any case whether the statute had been complied with, and in each it would be left to the court to determine whether, under the facts and circumstances disclosed, the tax-collector had complied with the statute in giving the particular notice. The legislature could not have intended in requiring the giving of the notice by mail as an additional benefit to the delinquent owner to make it of such uncertain advantage. Personal service by mail and notice by publication were deemed equally important, and the reasonable construction of the section is that as the giving of published notice and personal notice under certain conditions are made necessary jurisdictional pre-requisites to authorize a sale, it was intended that the notice required to be given to the property-owner by mail should be given for the same period prior to the sale as is provided that notice by publication shall be made,—namely, at least three successive weeks before the date fixed for the sale.

And the duty imposed upon the tax-collector of giving this personal notice is so easy of performance as to afford itself a reason why the legislature did not specifically mention the time prior to the sale when this notice should be sent, being satisfied that as the giving of both kinds of notice was prescribed, the simplicity of the task of sending the personal notice would leave no doubt of the intention of the legislature to require it to be given for the same period of time prior to the date of sale as publication must be had. All the tax-collector has to do as to mailing notice is to look at the assessment-roll and ascertain to whom the property about to be sold was last assessed, and whether the address of the party appears thereon. If it does, he must mail a notice. If it does not, no mailing of notice is required. He is not bound to look beyond or outside the assessment-roll to ascertain the address of a party when the assessment-roll does not furnish it.

CLXII Cal.—22

(*Kehlet* v. *Bergman, ante,* p. 217, [121 Pac. 918].) If, however, the address is found on the assessment-roll, all that is necessary to do is to inclose a copy of the printed notice in an envelope, address it and register and mail it at least three weeks prior to the date set for the sale. Nor is this task made any more difficult when the notice of sale embraces a large number of pieces of property to be sold under the same notice. The tax-collector himself fixes the date of sale, and can fix it sufficiently in advance so as to permit him to comply with this simple provision of the law as to personal notice.

As in the instant case, the notice by mail was not given to the party to whom the land was last assessed for the period provided by the statute, the tax-collector acquired no jurisdiction to make the sale in question, and the tax-deed under which plaintiff claims was by the superior court properly held to be void.

It further appears in this case that the tax-collector in mailing the notice on February 2, 1909, noted on the envelope a request that the registered letter, if not delivered in five days, be returned by the postmaster to him, and that in compliance with the request the registered letter was returned to him on February 8th. This notice by mail was sent some eleven days only before the sale and by reason of the instructions on the letter for its return to the tax-collector if not delivered in five days and a compliance therewith by the postmaster, only a period of five days was afforded the party to whom the letter was addressed within which to receive it. It further appears that a registered letter, if there is no indorsement thereon requiring an earlier return, will be retained in the post-office for thirty days after its receipt.

In view of the conclusion reached, that notice by mail was not given under the section because it was not sent in time, it is unnecessary to discuss what would be the effect of this procedure by the tax-collector when, by reason of the indorsement on the registered letter, it is returned to him many days prior to the date of sale and during which it might have been delivered to the person to whom it is addressed. In that regard it may be suggested, however, that there is no provision in the statute making it any concern of the tax-collector whether, after he mails the notice, the party to whom it is mailed gets it or not. When he mails it in time, addressed and registered,

his duty is discharged.   Neither is there any statutory requirement that he should put a notification on the letter calling for its return to his office at all, and certainly there is no warrant whatever for placing a notification thereon calling for such return at any time earlier than the date set for the sale.   The party to whom the letter is addressed is entitled to all the advantages for its delivery which the postal system, domestic or foreign, affords, and the tax-collector has no right to do anything which may prevent him from having them. If in discharging his duty in mailing the notice the tax-collector desires, in aid of supporting his recital in a tax-deed that notice was properly mailed, if it be questioned, to produce the registered letter sent, which has been subsequently returned to him, he can effect this very simply by having his notification call for a return of the registered letter at some date subsequent to the day set for the sale.

The judgment and order appealed from are affirmed.

Henshaw, J., and Melvin, J., concurred.

Hearing in Bank denied.