[Civ. No. 1280.   Second Appellate District.—March 20, 1913.]

M. F. BRADY, Respondent, v. E. E. BOSTWICK, Appellant.

H. G. HENDERSON Administrator of the Estate of Eldridge
W. Little, Deceased, Respondent, v. E. L. BURKE, Appellant.

TAX-SALE—NOTICE TO OWNER—PRESUMPTION FROM RECITAL IN DEED.—
Where property was sold to the state for taxes in 1894, and the
deed, made in 1910, recited that the tax-collector mailed a copy of
the notice to the person to whom the property was last assessed
next before the sale, it will be presumed that the property was duly
assessed for each year succeeeding 1894 up to the making of the
deed to the state, and that the tax-collector did, as he stated, know
the party to whom it was last assessed.

ID.—FAILURE TO MAIL NOTICE INVALIDATES SALE.—A tax-sale is in-
valid if the tax-collector fails to mail a copy of the notice of the
sale at least three weeks prior thereto to the party to whom the land
was last assessed, if his name and address are known.

APPEALS from judgments of the Superior Court of Los
Angeles County and from orders refusing a new trial.   Chas.
Monroe, Judge.

The facts are stated in the opinion of the court.

C. A. Stice, and Charles Lantz, for Appellants.

Carter, Kirby & Henderson, for Respondents.

SHAW, J.—The facts in these two cases are identical with
those involved in that of *Henderson* v. *Ward,* Civ. No. 1279,
*ante,* p. 520, [132 Pac. 470], an opinion in which was this
day filed in this court, except that it is claimed by appellant
that the record in each of them shows that the name and
address of the party to whom the land was last assessed next
before the date of sale made by the state did not appear
upon the last assessment, and hence, as it was unknown, the
validity of the deed was not affected by the failure on the
part of the tax-collector to mail to the party to whom the
land was last assessed next before the sale a copy of the notice
of sale, required by section 3897 of the Political Code to be

published for three successive weeks. (*Healton* v. *Morrison,*
162 Cal. 668, [124 Pac. 240].) Reference to the transcript,
however, shows that the purported assessment of the property
so introduced in evidence was for the year 1894, and the
sale of the property to the state was made on account of
delinquency in the payment of the tax levied upon said
assessment. Section 3813 of the Political Code, provides that
where property assessed for taxes is purchased by the state
pursuant to section 3771 of the Political Code, it shall be
assessed each subsequent year for taxes until a deed is made
to the state therefor, in the same manner as if it had not
been so purchased. The sale and deed from the state were
made on June 7, 1910, and recited that "on the 19th day of
May, 1910, W. O. Welch, tax-collector as aforesaid, did mail
a copy of said notice registered, postage thereon prepaid,
to the party to whom the land was last assessed next before
such sale." We must, in the absence of evidence to the con-
trary, presume that the property was duly assessed for each
year succeeding the year 1894, up to the making of the deed
to the state; and since it is required that the deed from the
state shall recite the facts necessary to authorize the sale,
which recitals are made *prima facie* evidence of the facts so
recited, we must likewise presume, there being nothing to the
contrary, that the tax-collector did, as he stated, know the
party to whom it was last assessed, but through an oversight
or mistake as to the requirement in that regard mailed the
copy of the published notice of sale within a period less than
three weeks prior to the making of the sale. In *Healton* v.
*Morrison,* 162 Cal. 668, [124 Pac. 240], it was held that the
copy of the notice of the sale of the property where the name
of the party to whom it was last assessed was known must be
mailed at least three weeks before the sale, and that a fail-
ure so to do rendered both sale and deed void.

For this reason, and upon the authority of *Henderson* v.
*Ward, ante,* p. 520, [132 Pac. 470], the judgments and orders
denying defendant's motions for new trials are affirmed.

Allen, P. J., and James, J. concurred.