[Civ. No. 1279.   Second Appellate District.—March 20, 1913.]

## H. G. HENDERSON, Administrator of the Estate of Eldridge W. Little, Deceased, Respondent, v. V. H. WARD, Appellant.

TAX-SALE—UNAUTHENTICATED ASSESSMENT-ROLL—ACTION TO QUIET TITLE.—The owner of real property may have the title thereto quieted as against a purchaser at a tax-sale, if the assessment-roll was not authenticated by the auditor as required by section 3732 of the Political Code.

ID.—ASSESSMENT-ROLL—FINDING AS TO AUTHENTICATION—REVIEW ON APPEAL.—A finding by the trial court that the auditor failed to make an affidavit to the assessment-roll will not be disturbed on appeal, where the record does not furnish a description of the situation.

ID.—TAX–ROLLS—PROPER AUTHENTICATION ESSENTIAL TO SALE.—The tax-collector cannot make a valid sale of real property on account of delinquent taxes until he has received from the auditor the tax-rolls authenticated by the affidavit required by section 3732 of the Political Code.

ID.—AFFIDAVIT TO ASSESSMENT-ROLL—EVIDENCE IN PLACE OF.—The mere proof of the existence of the requisite facts which might have been set forth in the auditor's affidavit to tax-rolls, cannot supply the want of such affidavit and validate a tax-sale when there was no affidavit.

ID.—QUIETING TITLE—TENDER OF AMOUNT OF TAX BY PLAINTIFF.—In an action by a property owner to have the title quieted as against a purchaser at a tax-sale whose deed conveyed no title, it is not essential as a condition precedent that the plaintiff tender the amount of the tax justly assessed against him.

ID.—TAX–DEED—CONCLUSIVENESS AS TO REGULARITY OF PROCEEDINGS.— A tax-deed is not conclusive proof of the regularity of all proceedings leading up to the sale.

ID.—NOTICE OF TAX-SALE—DEED DISCLOSING ABSENCE OF.—If the tax-deed shows on its face want of the statutory notice of the sale, this renders the deed void.

APPEAL from an order of the Superior Court of Los Angeles County and from an order refusing a new trial. Charles Monroe, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, and C. A. Stice, for Appellant.

Carter, Kirby & Henderson, for Respondent.

JAMES, J.—This action was brought by plaintiff to secure a decree determining title to a certain town lot in the county of Los Angeles to be in the heirs of plaintiff's intestate. Defendant's asserted title was based upon a certain deed issued by the tax-collector of the county of Los Angeles following proceedings had upon an alleged sale to the state of the property mentioned for delinquent taxes in the year 1895. It was stipulated between the parties at the commencement of the trial that plaintiff's intestate at the time of his death was the owner in fee of the lot referred to, unless such title had become divested by virtue of the issuance of tax-deeds. The deed as first made to the state of California by the tax-

collector, and that subsequently made by the tax-collector to the defendant as purchaser of the tax title, were introduced in evidence without objection. A deputy county auditor was then called as a witness and testified that he had examined the assessment-roll for the year 1894; that he had examined each leaf appearing in the different volumes, and that he had not found any affidavit of the auditor of the county attached thereto, as required to be made by section 3732 of the Political Code. The record then contains the following paragraph, which is a part of the statement on motion for a new trial as settled by the trial judge: "It was stipulated that all of said assessment-roll be considered as introduced in evidence; and said roll showed that certain pages and portions of said assessment-roll had been removed therefrom, including the last half of page 253, all of page 254, all of page 255, all of page 256, and the first half of page 257, in volume 13." In the paragraph immediately following was this recitation: "And it further appeared therefrom that said pages did not now and never had any affidavit by the county auditor attached thereto or written thereon, though the lower half of said pages are missing, and were not shown to the court." Those portions of the record which are referred to contained all of the facts necessary to be considered in determining the point chiefly relied upon by appellant. The findings and judgment of the trial court were in favor of the plaintiff, and defendant took his appeal from the judgment, and also from an order denying his motion for a new trial.

It is claimed that the evidence was insufficient to show the failure on the part of the auditor to make and attach his certificate to the assessment-roll for the year 1894. No evidence counter to that above referred to was introduced on behalf of defendant. But it is insisted that, as the record shows that certain pages and parts of others appeared to have been detached from the roll, in furtherance of the effect to be given the presumption that a public officer has performed his duty, it should be assumed that where a portion of the record was shown to be missing that it contained the certificate which the auditor was required under the law to annex to the assessment-roll. The trial judge had before him in physical form the evidence which the different volumes constituting the assessment-roll furnished, and that evidence is not

presented here except by reference. In considering the findings of the trial court, it must be assumed in support thereof that something was made to appear by an inspection of the assessment-books to justify the conclusion that the auditor's affidavit had never been attached thereto. Such an examination cannot be made here, for no copy of the rolls or particular description of their exact condition is furnished by the record. This court in considering the sufficiency of that evidence cannot, therefore, be placed in the same position as was the trial judge; hence his conclusion must be accepted as the correct one. Section 3732 of the Political Code requires that when the auditor delivers the tax-rolls to the tax-collector such rolls must be accompanied by the affidavit of the auditor to the effect that he has corrected them and made them conform to the requirements of the state board of equalization, and that he has reckoned the respective sums due as taxes and totaled the same as required by law. That the tax-collector cannot make a valid sale of real property on account of taxes delinquent thereon until he has received the rolls from the auditor, authenticated by such an affidavit, is determined in the case of *Miller* v. *County of Kern*, 137 Cal. 516, [70 Pac. 549], and a case under the same title, 150 Cal. 797, [90 Pac. 119]. In the first mentioned decision it is said: "Without the affidavit of the clerk affixed to the asessment-book, the auditor had no power to compute the taxes, nor had the tax-collector the right to enforce the assessment without the affidavit required of the auditor. These affidavits are in effect the certificate or authentication of the assessment as it leaves the county board of equalization and as made to conform to the requirements of the state board, and, we think, are essential to its validity." The decision in the case of *Steele* v. *County of San Luis Obispo*, 152 Cal. 785, [93 Pac. 1020], referred to by appellant, does not seem to announce any rule or doctrine contrary to that enunciated in the cases first cited. In the latter case the court merely determined that a property owner could not recover back the amount paid as taxes and as shown by the tax-rolls to be properly assessed against his land, because of the absence of the affidavit required to be attached to the rolls by the clerk and county auditor. In arriving at that conclusion the court, nevertheless, seems to have assumed that where there was shown an

absence of the certificates of the clerk and auditor, a sale by the tax-collector would not have effected a transfer of title. The latter decision does not establish the law to be that before a property owner can maintain an action to quiet title against a purchaser under tax-sale proceedings, where the defect is that here complained of, he must tender the amount of the tax justly due upon the land. It is held without dispute that a property owner in an action against the officers having the duty to collect taxes and make sale of property because of delinquency thereof, where he seeks in equity to restrain proceedings looking to the issuance of a tax-deed, must make a tender of the amount of taxes justly assessed against him as a prerequisite to bringing his action. (See case last above cited, and *Couts* v. *Cornell,* 147 Cal. 560, [109 Am. St. Rep. 168, 82 Pac. 194].) But the rule requiring tender to be made in cases where the action is against some department of the government, or its officers, does not apply where a decree is sought against a purchaser at a tax-sale whose deed has conveyed to him no title. In *Preston* v. *Hirsch,* 5 Cal. App. 485, [90 Pac. 965], a similar contention was urged on behalf of the defendant. The court there said: "It is contended . . . that plaintiff cannot have his title quieted while in default in the payment of his taxes; that he must come into court with clean hands or go out empty-handed. The answer to these various contentions is: First, that the certificate being fatally defective conveyed no title, and, secondly, the action is not against the state, nor does it in any wise affect the rights of the state. The maxim of equity invoked by appellant is not open to him."

Among the affidavits submitted by appellant in support of his motion for a new trial was one made by F. E. Lopez, who was the auditor of the county during the years 1893 and 1894. This affidavit set out that affiant received the tax-rolls for the year 1894 from the clerk of the board of supervisors with said clerk's affidavit attached, and that he, the affiant, as such county auditor, corrected the rolls and made them conform to the requirements of the state board of equalization, that he reckoned the sums due as taxes upon all of the property included in the assessment-books and added up the columns as required by law, and thereafter delivered said corrected assessment-books to the tax-collector of the county. This affi-

davit did not show that the said auditor attached his affidavit to the tax-rolls as is required to be done by the section of the Political Code hereinbefore referred to. Had this evidence been introduced at the trial, it could not have furnished proof upon which to enter any different judgment than that made by the trial court. The statute having required that when the tax-rolls were delivered to the tax-collector they should be authenticated in a particular way before that official could proceed legally to the collection of the taxes for that year, and proceed to divest the title of the property owner by sale for delinquent taxes, the mere proof of the existence of the requisite facts which might have been set forth in the auditor's affidavit, if he had made one, cannot be made to supply the want of such affidavit. The rule that tax proceedings are proceedings *in invitum,* and that before title of the property owner can be divested thereunder strict compliance with the statutory forms is required, admits of no exception and is applicable under the facts of this case.

The deed from the tax-collector upon its face showed noncompliance with section 3897 of the Political Code regarding mailing of notice of sale to the property owner, but appellant insists that the tax-deed in evidence is conclusive proof of the regularity of all proceedings. The contrary has been determined in *Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527], approved in *Healton* v. *Morrison,* 162 Cal. 670, [124 Pac. 240]. It is there held that as to the matter of notice prerequisite to a sale, the deed upon its face showing want of statutory notice, renders the deed void. The stipulation at the time of the trial being that respondent was the owner of the property unless the tax-deed was valid, necessarily brings up for consideration the validity of such deed and the effect of the recitals therein which upon its face affect its validity.

Other points are argued in the briefs of the parties to this action, but as those considered are determinative of this appeal irrespective of conclusions which might be reached upon any of the other contentions, it will be both unnecessary and unprofitable to continue this discussion further.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J. concurred.