[Civ. No. 1330.   Second Appellate District.—May 20, 1913.]

## JOHN CARROLL, Respondent, v. E. E. BOSTWICK, Appellant.

TAX-SALE — MAILING NOTICE — COMPLIANCE WITH SECTION 3897 OF POLITICAL CODE.—Where the sale by the state of land acquired by it for delinquent taxes was made on June 7, 1911, compliance with the requirements of section 3897 of the Political Code as to the publication of notice for three weeks and the mailing thereof to the person last assessed at his last known post-office address, is not shown by a recital in the deed: "And, whereas, on the 22nd day of May, 1911, W. O. Welch, tax-collector as aforesaid, did mail a copy of said notice, registered, postage thereon prepaid, to the party to whom the land was last assessed next before such sale." Such sale and deed, therefore, are void.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

C. A. Stice, for Appellant.

Carter, Kirby & Henderson, for Respondent.

SHAW, J.—Action to determine the validity of certain tax-deeds purporting to have been made by the state to defendant, pursuant to the provisions of certain sections of the Political Code for delinquent taxes for the year 1904, and under and by virtue of which defendant claims to have acquired plaintiff's title to the town lots described in the complaint. Judgment went for plaintiff, from which, and an order denying a motion for a new trial, defendant appeals.

Without discussing other alleged defects in the deeds and proceedings, the order and judgment must be affirmed on account of noncompliance on the part of the tax-collector with the provisions of section 3897 of the Political Code. This section requires that the tax-collector, as a prerequisite to a valid sale by the state of property purchased by it for delinquent taxes, shall cause a notice of such sale to be published for three

successive weeks prior to the date fixed for the sale, and "shall mail a copy of said notice, postage thereon prepaid and registered, to the party to whom the land was last assessed next before the sale, at his last known post-office address." The copy of the notice required to be published must, where the name of the party to whom the property was last assessed is known, be mailed at least three weeks before the sale. (*Healton* v. *Morrison,* 162 Cal. 668, [124 Pac. 240] ; *Brady* v. *Bostwick,* 21 Cal. App. 526, [132 Pac. 472] ; *Henderson* v. *Ward,* 21 Cal. App. 520, [132 Pac. 470].) The sale of the land by the state was made on June 7, 1911, and the only evidence purporting to show a compliance with the provisions of said section claimed to constitute *prima facie* proof of compliance under the provisions of section 3898 of the Political Code was the recital in the deeds as follows : "And, whereas, on the 22nd day of May, 1911, W. O. Welch, tax-collector as aforesaid, did mail a copy of said notice, registered, postage thereon prepaid, to the party to whom the land was last assessed next before such sale." This recital is insufficient for the reason that it does not purport to state that the notice was mailed to the last known post-office address of the party to whom the land was assessed, nor state any fact constituting an excuse for failure to comply with the requirement, but it also affirmatively shows that while the party to whom the land was assessed was known, the copies of the notice were mailed to him within a period of less than three weeks prior to the making of the sale.

Upon the authority of the cases above cited, the sales and deeds were void, and the judgment and order appealed from must be affirmed. It is so ordered.

Allen, P. J., and James, J., concurred.