[Civ. No. 1770.   Second Appellate District.—September 28, 1915.]

F. A. KNIGHT, Executor of the Will of Jackson Deets, Deceased, Respondent; B. F. TUCKER et al., Interveners, v. J. W. HALL, Appellant.

J. W. HALL, Appellant, v. B. F. TUCKER et al., Respondents; F. A. KNIGHT, Executor etc., Intervener.

TAXATION—NOTICE OF SALE—PUBLICATION AND MAILING—SECTION 3897, POLITICAL CODE.—Section 3897 of the Political Code requires that the tax-collector, as a prerequisite to a valid conveyance by the state of property purchased by it for delinquent taxes, shall cause a notice of such sale to be published for three successive weeks prior to the date fixed for the sale, and shall mail a copy of said notice, postage thereon prepaid and registered, to the party to whom the land was last assessed next before the sale, at his last known post-office address, and the copy of the notice required to be published must, where the name of the party to whom the property was last assessed is known, be mailed at least three weeks before the sale.

ID.—INSUFFICIENT NOTICE—VOID SALE AND DEEDS.—A sale for delinquent taxes and deeds made pursuant thereto is void where the recital in the deed does not purport to state that the notice was mailed to the last known post-office address of the party to whom the land was last assessed, nor state any fact constituting any excuse for failure to comply with this requirement, and also affirmatively shows that, while the party to whom the land was assessed was known, the copies of the notice were mailed to him within a period of less than three weeks prior to the making of the sale.

ID.—NOTICE OF SALE—ACTUAL NOTICE INSUFFICIENT.—Actual notice of the time fixed for such a sale cannot be deemed a substitute for the statutory requirement, and a receipt signed by the owner of the property showing that he received the registered envelope inclosing a copy of the notice mailed to him at a time less than the statutory period before the sale, is properly excluded from evidence, as it does not show a compliance with the statute, without which the tax-collector has no authority to make the sale.

ID.—FORMER DECISION—WHEN NOT LAW OF THE CASE—DIFFERENT POINTS.—In such a case a former decision of the supreme court involving the same tax proceedings does not constitute the law of the case in this action where the former decision was on different points than those involved here.

APPEAL from judgments of the Superior Court of Los Angeles County.   Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

George H. Moore, for Appellant.

Carter, Kirby & Henderson, and F. A. Knight, for Respondents and Interveners.

SHAW, J.—The first cause above entitled is an action to quiet title to two lots of land in the city of Long Beach. The second is an action in ejectment brought by Hall against Tucker et al., who were in possession of the same property as tenants thereof under a lease from Jackson Deets, the alleged owner of the property.

Against the ownership of plaintiff's testate, Hall claimed title to the property under and by virtue of two tax-deeds from the state.

Judgment was rendered against Hall in both cases, from which he appeals.

The sole question involved is the validity of the tax-deeds under which Hall asserts ownership of the property.

Without discussing other alleged defects in the deeds and proceedings, the judgments must be affirmed on account of noncompliance on the part of the tax-collector with the provisions of section 3897 of the Political Code. This section requires that the tax-collector, as a prerequisite to a valid conveyance by the state of property purchased by it for delinquent taxes, shall cause a notice of such sale to be published for three successive weeks prior to the date fixed for the sale, and shall "mail . . . a copy of said notice, postage thereon prepaid and registered to the party to whom the land was last assessed next before the sale, at his last known post-office address." The copy of the notice required to be published must, where the name of the party to whom the property was last assessed is known, be mailed at least three weeks before the sale. (*Healton* v. *Morrison,* 162 Cal. 668, [124 Pac. 240]; *Smith* v. *Furlong,* 160 Cal. 522, [117 Pac. 527]; *Brady* v. *Bostwick,* 21 Cal. App. 526, [132 Pac. 472]; *Henderson* v. *Ward,* 21 Cal. App. 520, [132 Pac. 470]; *Carroll* v. *Bostwick,* 22 Cal. App. 147, [130 Pac. 509].) In this case, the sale by the state of the lots involved was made on February 19, 1909, and the only evidence purporting to show a compliance with the provisions of said section claimed

to constitute *prima facie* proof of compliance therewith, under the provisions of section 3898 of the Political Code, was the recital in the deeds as follows: "And,. whereas, on the 2nd day of February, 1909, W. O. Welch, tax-collector as aforesaid, did mail a copy of said notice, postage thereon prepaid and registered, to the party to whom the land was last assessed next before such sale." This recital is insufficient for the reason that it does not purport to state that the notice was mailed to the last known post-office address of the party to whom the land was assessed, nor state any fact constituting an excuse for failure to comply with the requirement; and it also affirmatively shows that, while the party to whom the land was assessed was known, the copies of the notice were mailed to him within a period of less than three weeks prior to the making of the sale; the notice having been mailed on February 2d and the sale made on February 19th. Upon the authority of the cases above cited, as well as the later cases of *Davis* v. *Peck,* 165 Cal. 353, [132 Pac. 438], and *Krotzer* v. *Douglas,* 163 Cal. 49, [124 Pac. 722], the sale and the deeds made pursuant thereto were and are void.

At the trial, appellant offered in evidence a receipt signed by Jackson Deets showing that he had received the registered envelope wherein was inclosed the copy of the notice so mailed to him on February 2d, to the reception of which an objection on the part of respondents was sustained. There was no error in this ruling, since it did not tend to prove a compliance with the provisions of the statute, without which there was no authority in the tax-collector to make the sale. (Cooley on Taxation, 1883 ed., p. 335.) Actual notice of the time fixed for the sale cannot be deemed a substitute for the statutory requirement.

It appears that in a former trial involving the same tax proceedings a judgment was rendered in favor of Hall, from which Jackson Deets appealed to the supreme court; the case being reported in *Deets* v. *Hall,* 163 Cal. 249, [124 Pac. 1007]. Appellant insists that the decision of the court in reversing the judgment in that case became the law of the case on the points hereinbefore discussed and upon which, as stated, we hold the deeds void. Reference to the opinion of the court on the former appeal shows that only two points were considered and decided by the court. Quoting there-

from, the court said: "First, it is claimed that in the tax levy for the year 1902, upon which the sales to the state of the two lots in payment for taxes was based, a portion of the taxes levied (to wit, five cents on the hundred dollars) was not levied for any specific purpose and was not apportioned to any particular fund; hence, it is claimed that that portion of the tax was illegal and the whole levy void and the sales and deeds made thereunder invalid. Second, and independent of this, that the tax-deeds to the state are void upon their face because they do not recite as required by law the correct date when the period of redemption expired." It thus appears that the judgment of the trial court against Deets was reversed upon these two points alone. These only were decided. The invalidity of the deeds upon the grounds here urged, since that point was not raised or discussed, cannot be said to have been decided on the former appeal, and hence that decision cannot be deemed *res judicata* as to the grounds now urged in support of the claim that the deeds are invalid. (*Trower* v. *City and County of San Francisco,* 157 Cal. 762, [109 Pac. 617]; *People* v. *Hamilton,* 103 Cal. 488, [37 Pac. 627]; *Anderson* v. *Hancock,* 64 Cal. 455, [2 Pac. 31].)

It is unnecessary to discuss appellant's contention that the decisions upon which we base our conclusion are founded upon an erroneous premise. Under the repeated decisions of both this court and the supreme court, we do not deem the question open to such contention.

The judgments in both cases are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 26, 1915.