[No. 12157.   Department One. — February 21, 1888.]

# MODOC COUNTY, RESPONDENT, *v.* J. CHURCHILL, APPELLANT.

TAXATION — ASSESSMENT ROLL AS EVIDENCE. — In an action by a county to recover state and county taxes, the assessment roll, in the form prescribed by law, is *prima facie* evidence of the plaintiff's right to recover.

ID. — EQUALIZATION OF ASSESSMENTS — IRREGULARITY IN TIME OF MEETING OF BOARD — FAILURE TO RETURN STATEMENT. — A property owner who, upon demand made by the assessor, refuses to give under oath a statement of his assessable property, cannot have the valuations of the assessor reduced by the county board of equalization. Consequently, any irregularity as to the time of meeting of the board cannot be taken advantage of by him as a defense to an action to recover the taxes levied against him.

APPEAL from a judgment of the Superior Court of Modoc County, and from an order refusing a new trial.

The action was brought to recover a sum of money alleged to be due on account of state and county taxes, levied upon real and personal property belonging to the defendant, for the fiscal year 1884–85, together with interest, penalty, and cost of advertising. In his answer, the defendant, after specifically denying the allegation that anything was due from him for taxes, alleged that for the fiscal year in question the board of equalization did not equalize the taxes of the county, or meet for such purpose, and that the lands assessed, although they did not lie contiguous, were included in one assessment. On the trial, the court found in favor of the plaintiff, and rendered judgment accordingly. The defendant moved for a new trial, and his motion being denied, appealed from the judgment and order. The further facts are stated in the opinion of the court.

*E. M. Barnes*, for Appellant.

*J. H. Stewart*, for Respondent.

McKINSTRY J. — The examination of this case has been rendered more difficult by the form of the findings. But the court did find the real estate assessed; its valuation by the assessor, and that it was assessed in tracts not to exceed six hundred and forty acres in each. (Finding 9.)   The defendant did not except to the sufficiency of that finding.

And the court also found that all the personal property returned in the list furnished by the defendant, and none other, was duly assessed at the sum of $20,226. (Finding 7.)   This is, in effect, a finding that the assessor made up his assessment of personal property by taking the list furnished by the defendant and affixing values to the same.   The defendant did not except to the sufficiency of the evidence to sustain finding 7.

The evidence sustained the first finding.   It is contended the only evidence to sustain the finding of an assessment was: "The assessment list, wherein no values to the real estate were set out, and the assessment roll wherein the form was as is prescribed by law for assessment rolls."   But the assessment roll, in the form prescribed by law, is *prima facie* evidence of the plaintiff's right to recover.   (Stats. 1880, p. 136.)

The court below found: "That the county board of equalization duly met and convened on the twenty-first day of July, 1884, pursuant to and in accordance with an order of the state board of equalization, which was duly made, extending the time for the completion and the delivery to the clerk of the board of supervisors of said county by said assessor of the assessment book of said county, to examine the assessment book and equalize the assessment of property in the county, and that the defendant did not appear before said county board, nor at all."

The appellant contends that finding 3 was not sustained by the evidence; that the county board of equalization is required to meet on the first Monday of July

(Pol. Code, sec. 3672), which was prior to July 21, 1884; and even if they can meet subsequently, it is only by virtue of section 3707, Political Code; and that it appears from the bill of exceptions that no order of the state board of equalization was certified to the county auditor, providing that the time of meeting of the county board be postponed; that by reason of the fact that the county board did not meet on the first Monday of July, the defendant was deprived of an opportunity of applying for a reduction of his assessment.

But the rights of the defendant were not affected by an irregularity, if any, in the action of the supervisors. The defendant, after demand by the assessor, having refused to give under oath a statement of his assessable property, could not have had the valuations of the assessor reduced by the county board of equalization. (Pol. Code, sec. 3633.)

Judgment and order affirmed.

PATERSON, J., and TEMPLE, J., concurred.

Hearing in Bank denied.