[L. A. No. 1945. In Bank.— February 10, 1908.]

## CITY OF ESCONDIDO, Appellant, v. A. W. WOHLFORD, Respondent.

TAXATION — MUNICIPAL CORPORATIONS — ASSESSMENT-BOOK — DESIGNA-
TION OF FISCAL YEAR.—Where the assessment-book of a municipal
corporation, the fiscal year of which commenced on the first day of
January, clearly shows, by the affidavits of the city assessor and
city clerk contained therein at the end of the list of property, and
which were required by the provisions of the Municipal Corporation
Act, that the book was in fact the assessment-roll of the city for
the year 1904, and could be nothing else, the assessments contained
therein are not invalidated by the erroneous recital printed on
each double page of the book that it was the assessment-book of
· the property of the city for the year 1904-1905.

ID.—CITY OF ESCONDIDO — TAXING SYSTEM — CONSTRUCTION OF ORDI-
NANCE—ADOPTION OF PROVISIONS OF POLITICAL CODE.—The ordi-
nance of the city of Escondido, establishing a system for the
assessment, levy, and collection of city taxes, and in terms providing
that the provisions of the Political Code were adopted as the law
"for assessing, levying and collecting city taxes, except as the time,
manner, mode and persons are provided for," in the Municipal
Corporation Act, did not adopt, as a part of that system, any
section of the Political Code the subject-matter of which was cov-
ered by the provisions of the Municipal Corporation Act applicable
to cities or towns of the sixth class.

ID.—AUTHENTICATION OF ASSESSMENT-ROLL.—The matter of the certifica-
tion and authentication of the assessment-roll in cities of the sixth
class is fully covered by the provisions of sections 872, 877, and 878
of the Municipal Corporation Act, and, consequently, under such
ordinance of the city of Escondido, section 3732 of the Political ·
Code, requiring the assessment-roll of state and county taxes to be
authenticated by the affidavit of the county auditor, is inapplicable
to its taxing system, and a failure to conform to its requirements
will not prevent the city from enforcing its taxes.

APPEAL from a judgment of the Superior Court of San
Diego County, and from an order refusing a new trial. N. H.
Conklin, Judge.

The facts are stated in the opinion of the court.

F. P. Willard, for Appellant.

William H. Francis, for Respondent.

ANGELLOTTI, J.—This is an action by the city of Escondido, a municipal corporation of the sixth class, to recover from defendant the sum of $11.55 city taxes for the year 1904, with penalties and costs. Judgment went for defendant, and plaintiff appeals from such judgment and from an order denying its motion for a new trial.

By ordinance, the fiscal year for that city is made to commence on the first day of January. The complaint alleged the due making of an assessment-list for the year 1904, containing the assessment sued on in this action, and this allegation was denied in the answer. Upon the trial, plaintiff offered the assessment-book in evidence for the purpose of showing a valid assessment and establishing *prima facie* its right to recover the tax thereon charged against defendant. (*Modoc Co.* v. *Churchill,* 75 Cal. 172, [16 Pac. 771] ; *San Gabriel Co.* v. *Witmer Co.,* 96 Cal. 636, [29 Pac. 500, 31 Pac. 588].) The trial court sustained an objection to the offered evidence. Plaintiff was thus precluded from showing a valid assessment. No such assessment being shown, the court directed judgment for defendant. The ruling of the court in sustaining the objection to the assessment-book is the only matter presented for our consideration on this appeal.

The assessment-book offered in evidence had printed upon each double page the words: "Assessment Book of the Property of the city of Escondido for the year 1904-1905." One of the grounds of objection was, in effect, that this was not the assessment of property alleged in the complaint, which was one for the year 1904. But the book in other respects sufficiently showed that it was the assessment-list for the year 1904. As we have seen, under the laws relating to city assessments and taxes in the city of Escondido, there was no such year as "1904-1905," and there could be no assessment-book for any such year. The affidavit of the city assessor and the certificate or affidavit of the city clerk contained in said book at the end of the list of property, which were required by provisions of the Municipal Corporation Act (Secs. 872 and 877, [Stats. 1883, pp. 274, 275]), clearly show that the book was in fact the assessment-roll of the city for the year 1904, and could be nothing else. Under these circumstances, the printed statement at the head of each double page that it was the book for the year 1904-1905, which, in

view of the law applicable, was meaningless, cannot be held to render it in the slightest degree uncertain that the book was the assessment-roll for the year 1904.

The other ground of objection to the roll was that it was not authenticated by the affidavit provided for by section 3732 of the Political Code. That section, relating to the duties of the county auditor in the matter of state and county taxes, provides: ''On or before the second Monday in October he must deliver the corrected assessment-book to the tax-collector, with an affidavit attached thereto, and by him subscribed, as follows: 'I, ————, auditor of the county of ————, do swear that I received the assessment-book of the taxable property from the clerk of the board of supervisors, with his affidavit thereto affixed, and that I have corrected it and made it to conform to the requirements of the state board of equalization; that I have reckoned the respective sums due as taxes, and have added up the columns of valuation, taxes, and acreage, as required by law.' '' It has been held that in the case of assessments for state and county taxes such an affidavit is essential to the enforcement of the tax (*Miller* v. *County of Kern,* 137 Cal. 521, [70 Pac. 549]). We are of the opinion, however, that the section is not applicable here. The ordinance of the board of trustees of the city of Escondido providing a system for the assessment, levy, and collection of city taxes did not purport to adopt as a part of that system any section of the Political Code the subject-matter of which was covered by the provisions of the Municipal Corporation Act applicable to cities or towns of the sixth class. That act in terms provides that the system to be adopted must not be inconsistent with the provisions of such act (sec. 871). The ordinance of the board in terms provided that said provisions of the Political Code are adopted as the law ''for assessing, levying and collecting city taxes, *except as the time, manner, mode, and persons are provided for*'' in said act. The matter of certification and authentication of the assessment-roll appears to be a matter that is fully covered by the provisions of said Municipal Corporation Act. The assessor is thereby expressly required to verify the assessment-list by his oath, and deliver the same to the city clerk (Sec. 877). The city clerk, discharging the duties corresponding to those of both the clerk of the board of supervisors and

the county auditor in the matter of state and county taxes, is expressly required after equalization and correction of the list by the trustees, to certify it, and, after the tax levy, to apportion the taxes thereon, and deliver it to the marshal for collection. (Secs. 872, 878.) There is no provision for any other certificate or affidavit by the clerk. These provisions cover the whole matter of the authentication of the roll, and in view of the language of the ordinance it is not to be presumed that the board intended to adopt as a part of their system a section of the Political Code as to further authentication, especially one which is so entirely inapplicable to the conditions existing in the matter of city assessments in cities of the sixth class. The principal matter covered by the affidavit provided for in that section is the matter of the correction by the county auditor of the roll to make the assessments therein correspond to such changes as have been made by the state board of equalization, the declaration under oath of such officer that he has corrected the roll to make it correspond with such change. Such a declaration as to the city assessment-roll would be meaningless. The state board of equalization has no power to order any change in such roll, and there are no corrections to be made therein except those ordered by the board of trustees sitting as a board of equalization, which changes are covered by the certificate of the clerk provided for by the Municipal Corporation Act. To require the clerk to attach an affidavit stating that he had received the roll from himself, and had then corrected it, when he had no power to further correct it, and had made it conform to the requirements of the state board of equalization, a body having no power at all in the matter, would be most absurd. Yet this would be the consequence of the contention of defendant, for the section of the code requires an affidavit in the words therein set forth. It is much more reasonable to construe the ordinance as not contemplating the adoption of any section of the Political Code relating to the authentication of the roll by an officer or officers, and as leaving that particular matter to be governed solely by the provisions of the Municipal Corporation Act in that behalf. We regard the subsequent provision in the ordinance that certain enumerated sections of the Political Code "shall not be held applicable" as of very little force in

determining the proper construction of the ordinance. The previous provision excepting all such matters as are covered by the Municipal Corporation Act is clear and explicit, and its effect is not impaired by the language used in the subsequent provision.

No other ground of objection to the assessment-roll is urged, and no reason appears to us why the roll should not have been admitted in evidence.

The judgment and order denying a new trial are reversed.

Shaw, J., McFarland, J., Henshaw, J., Sloss, J., and Lorigan, J., concurred.