[Civ. No. 499.   Second Appellate District.—June 26, 1908.]

## CITY OF ESCONDIDO, Respondent, v. ESCONDIDO LUMBER, HAY AND GRAIN COMPANY, Appellant.

TAXATION—MUNICIPAL CORPORATION OF SIXTH CLASS—TIME FOR ASSESSMENT.—A municipal corporation of the sixth class, created under the municipal corporation act of 1883, had, under section 871 thereof, as it stood prior to 1905, the power to fix the time for the assessment, levy and collection of city taxes, and could provide that the assessment thereof should be fixed according to the status of property at 12 o'clock M. of May 1st, instead of 12 o'clock M. of the first Monday in March.

ID.—DATE OF LIEN NOT INCONSISTENT WITH POWER GIVEN.—The fact that section 871 of the act of 1883 provides that the lien of city taxes shall relate to the first Monday in March is not inconsistent with the power given to fix the time for the assessment, levy and collection of taxes.

ID.—RULE AS TO LIEN OF TAX.—The general rule is that taxes are not a lien, unless expressly made so by statute, and the time to which the lien will attach, if at all, must be determined by the statute.

ID.—JUSTIFICATION IN FIXING TIME FOR ASSESSMENT—PRESUMPTION.— In the absence of anything appearing to the contrary, it must be presumed that circumstances existed which justified the municipal board in fixing the time for assessment, in pursuance of the power

given, as of May 1st, and that they properly performed their official duty in this regard.

Id.—Construction of Constitution.—There is nothing in the constitution inconsistent with the municipal corporation act of 1883. Section 8 of article XIII thereof has no application to the assessment of property in municipal corporations for local purposes. But section 12 of article XI makes it the duty of the legislature, by general laws, to vest in the corporate authorities of municipalities the power to assess and collect taxes for municipal purposes.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. E. S. Torrance, Judge.

The facts are stated in the opinion of the court.

Haines & Haines, for Appellant.

F. P. Willard, for Respondent.

SHAW, J.—This action was instituted by the city of Escondido, a municipal corporation of the sixth class created under the municipal corporation act of 1883 [Stats. 1883, p. 266], to recover from defendant certain taxes for the fiscal year 1904, together with penalties and costs. Judgment was rendered for plaintiff, from which, and a denial of its motion for a new trial, defendant appeals.

By ordinance of the city, the fiscal year is made identical with the calendar year. The due making of the assessment for the year 1904, which forms the basis of the action, is alleged in the complaint, and this allegation is denied in the answer. To sustain the allegation plaintiff tendered in evidence an assessment-book or assessment-roll, which at the time defendant admitted was the one prepared by the city assessor of the city of Escondido for said city for the year 1904, and stipulated that said book or document constituted the assessment-roll for said city as the same was made out by said city assessor for said year 1904 and by him delivered to the city marshal of said city. Attached to said assessment book or roll were two affidavits; one made by the city clerk; the other by the assessor, the said clerk being *ex-officio* assessor. Defendant objected to the reception of said book, or any part thereof, in evidence upon the ground that it was

incompetent, irrelevant and immaterial: "1st, because the complaint does not state a cause of action; 2nd, because said book purports to be an assessment for the years 1904-1905, and not for the fiscal year 1904, as alleged in the complaint; 3rd, because the assessment-book is not authenticated by the affidavit required by section 3732 of the Political Code, which was, when said alleged assessment was made, a part of the tax system of the city of Escondido; and, 4th, because said assessment-book is not authenticated by the certificate required by section 872 of the Municipal Corporation Act of 1883." This objection was overruled. The ordinance levying taxes for the year 1904-05 was offered in evidence, and defendant's objection upon the ground that it purported to be a levy of taxes for the year 1904-05, and not for the fiscal year of 1904, as alleged in the complaint, was likewise overruled. Appellant assigns these rulings as error.

Reference to the opinion of the supreme court in the case of the *City of Escondido* v. *Wohlford*, 153 Cal. 40, [94 Pac. 232], sufficiently answers appellant's contention on these points. The action there was to recover taxes based on the identical assessment, affidavit and ordinance received as evidence in the case at bar. The record before the court was identical with the record here, save that the trial court in that case had sustained defendant's objection to the documents in question. The supreme court reversed the ruling of the trial court, thus establishing the validity and regularity of the proceedings, so far as these points are concerned.

Another point urged by appellant merits further consideration. It is alleged in the complaint, and the court finds, "that in said list (referring to the list of taxable property prepared by the city assessor) the assessor described said property assessed and the value thereof, and listed all of said property upon the assessment-roll of said city for said year in the name of the person who owned it or in whose possession or under whose control it was on the first day of May of said year." Section 871 of the municipal corporation act, under which the city of Escondido was created, as it stood when the proceedings under consideration were taken, provided that: "The Board of Trustees shall have power and it shall be their duty to provide by ordinance a system for the assessment,

levy, and collection of all city or town taxes not inconsistent with the provisions of this chapter, which system shall conform as nearly as the circumstances of the case may permit, to the provisions of the laws of this State in reference to the assessment, levy, and collection of State and county taxes, except as to the times for such assessment, levy, and collection, and except as to the officers by whom such duties are to be performed.'' Pursuant to this provision of said section 871, the board of trustees of the said city of Escondido adopted an ordinance whereby it provided a. system for the assessment, levy, and collection of city taxes; and, among other things, it was provided by said ordinance that the words ''first day of May'' should be substituted for the words ''first Monday in March,'' wherever they occurred in sections 3628, 3629 and 3630 of the Political Code; and that the words ''first day of May'' and ''first day of August'' should be substituted for the words ''first Monday in March'' and ''first Monday in July,'' wherever they occurred in said sections; the purpose being to assess the property in the city according to its status at 12 o'clock M., May 1st, instead of 12 o'clock M., the first Monday in March. The question, therefore, is whether the assessment of the property as of May 1st, as provided by the ordinance, instead of as it stood the first Monday in March, is a valid assessment. Section 871, *supra,* provides that the system adopted by the board of trustees ''shall conform as nearly as the circumstances of the case may permit to the provisions of the laws of this state in reference to the assessment, levy, and collection of state and county taxes, except as to the times of such assessment, levy and collection, and except as to the officers by whom such duties are to be performed.'' It will be noted that as to those matters falling within the exception no limitations are placed upon the action of the board. As to other matters not thus enumerated power is conferred upon the board in its discretion to make such changes in the provisions of the law applicable to state and county assessments as in its judgment may be warranted by the facts presented. In the absence of anything appearing to the contrary, we must presume that circumstances did exist which justified the board in providing that the assessment for the year 1904 should be made as of date May 1st, instead of relating to the first Monday in March. ''The law constantly pre-

sumes that public officers charged with the performance of official duty have not neglected the same but have duly performed it at the proper time and in the proper manner. . . . Where the rights of the public require it the presumption in favor of due performance is liberal, and the evidence to overthrow it must be clear.'' (Mechem on Public Officers, sec. 579.)

It is further provided in said section 871 that all taxes assessed shall constitute liens on the property assessed from and after the first Monday in March of each year. We do not regard this provision as inconsistent with the power given the board of trustees to fix a day other than the first Monday in March to which the assessment shall relate. The status of the property, so far as its valuation and ownership are concerned, is assessed upon the conditions existing May 1st, but the lien for the tax not levied upon such assessment until September 6, 1904, and under which the property may be sold for nonpayment of taxes, attached on the first Monday in March. The general rule is that taxes are not a lien unless expressly made so by statute (Cooley on Taxation, p. 865), and the time when the lien will attach, if at all, must be determined by the statute. Under the rule in question, inconvenience and inequalities might arise in isolated cases, but we perceive no constitutional inhibition against the adoption of such system. In thus construing the section adherence is had to the rule that effect should be given to every part thereof in interpreting a statute. Section 8 of article XIII of the constitution has no application to the assessment of property in incorporated cities for local purposes. Section 12 of article XI makes it the duty of the legislature, by general laws, to ''vest in the corporate authorities thereof (the municipalities) the power to assess and collect taxes for'' municipal purposes. This general law for cities of the sixth class is embodied in said section 871, municipal corporation act, pursuant to which the board of trustees of the city of Escondido adopted a revenue system conforming as nearly as the circumstances would permit to the provisions for state and county assessment, levy and collection of taxes.

The judgment and order appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.