[L. A. No. 3083. , In Bank.—October 3, 1913.]

## J. M. MOYER, Appellant, v. LILLIE E. WILSON, Respondent.

TAXATION—INVALID SALE FOR DELINQUENT TAXES—ABSENCE OF AUDITOR'S AFFIDAVIT TO ASSESSMENT BOOK.—There is no authority to sell property for delinquent taxes, and an attempted sale thereof passes no title, if at the time of the attempted sale, no affidavit of the auditor, as required by section 3732 of the Political Code, had been made or attached to the corrected assessment book for the year in which the delinquent tax purports to, have been levied.

ID.—AFFIDAVIT ATTACHED AFTER SALE.—An affidavit of the auditor attached to the assessment book after the attempted sale had taken place did not validate the sale.

ID.—ACTION AGAINST OWNER BY PURCHASER AT ILLEGAL SALE—DEFEND-
ANT NEED NOT TENDER TAX.—Where the purchaser at a delinquent
tax-sale which is not effective to pass title proceeds against the
owner, the latter may stand upon his strict legal rights and defend
his title without tendering payment of any tax.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order refusing a new trial.
Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Charles Lantz, W. J. Wood, Davis, Lantz & Wood, and
Louis Luckel, for Appellant.

Carter, Kirby & Henderson, for Respondent.

SLOSS, J.—Action to quiet title to a lot in the county of
Los Angeles. The court found that the defendant Lillie E.
Wilson was the owner of said lot and that plaintiff had no
title or interest therein. Judgment in favor of defendant
followed. Plaintiff appeals from the judgment and from an
order denying his motion for a new trial.

It is conceded that the defendant was the owner of the
property, unless the title of her predecessor in interest had
been divested by delinquent tax proceedings culminating in
a deed from the state to the plaintiff. After plaintiff had
introduced said deed in evidence, the defendant offered evi-
dence tending to show that the auditor of Los Angeles County
had not at any time prior to the commencement of the action
made or attached to the assessment-book for 1894, the year in
which the tax claimed to have been delinquent had been as-
sessed, the affidavit required by section 3732 of the Political
Code.

This evidence furnished sufficient support for the finding
that the defendant was the owner of the lot, and that no in-
terest therein had passed to plaintiff. The decisions compel
the conclusion that, in the absence of the affidavit there is no
authority to sell the property for delinquent taxes, and an at-
tempted sale passes no title.

In *Miller* v. *County of Kern,* 137 Cal. 516, [70 Pac. 549],
plaintiff sued to recover taxes paid under protest. His com-

plaint alleged that the affidavit required by section 3732 was not, nor was any affidavit, attached or subscribed to the corrected assessment-book by the auditor when delivered by him to the tax-collector. It was held that error had been committed in sustaining a demurrer to the complaint, the affidavit being essential to the validity of the assessment. The case being remanded, a trial was had and judgment went for plaintiff. Upon defendant's appeal (*Miller* v. *County of Kern*, 150 Cal. 797, [90 Pac. 119]), the judgment was reversed, it appearing, upon the record then before the court, that the affidavit, though not attached to the assessment-book on or before the second Monday in October, as required by the code, had been so attached on November 1. This was prior to the payment by plaintiff. The court denied plaintiff's right of recovery on the ground that the affidavit had in fact been made and attached, and that there was simply a failure to do the required act "within the time required by law." The assessment was, therefore, saved by the provisions of section 3885 of the Political Code. *Steele* v. *San Luis Obispo*, 152 Cal. 785, [93 Pac. 1020], was again an action to recover taxes paid under protest. The affidavit had not been attached to the assessment-book. The court, while conceding, in accordance with *Miller* v. *County of Kern*, 137 Cal. 521, [70 Pac. 549], that without such affidavit "annexed to the assessment book the assessments were defective and not legally enforceable by the tax-collector," held that, inasmuch as the requirements of law, except the formal authentication by affidavit, had in fact been complied with, plaintiff could not recover the taxes paid, because they were equitably and justly due from him.

There is nothing in these later decisions to overthrow the authority of the original holding that the annexing of the affidavit is essential to the validity of proceedings to enforce the tax. (See *City of Escondido* v. *Wohlford*, 153 Cal. 40, 42, [94 Pac. 232].) They go no further than to deny a right of recovery to one who has paid his tax, where compliance with the formal requirements of section 3732 has been delayed (*Miller* v. *Kern*, 150 Cal. 797, [90 Pac. 119]) or omitted. (*Steele* v. *San Luis Obispo*, 152 Cal. 785, [93 Pac. 1020].) Here there is no question of a delayed compliance, for no attempt to supply an affidavit was made until many years

after the delinquent sale. If that sale, and the deeds executed pursuant to it, were void, a subsequent affidavit could not validate them so as to take away defendant's title under proceedings already consummated. Nor have the equitable principles invoked in *Steele* v. *San Luis Obispo* any application to an action like the one at bar. Where the purchaser under a sale which is not effective to pass title proceeds against the owner, the latter may stand upon his strict legal rights, and defend his title without tendering payment of any tax. (*Holland* v. *Hotchkiss,* 162 Cal. 366, 374, [123 Pac. 258].)

The views expressed herein with respect to the validity of the deed to plaintiff have the support, also, of the recent decision of the district court of appeal for the second appellate district in *Henderson* v. *Ward,* 21 Cal. App. 520, [132 Pac. 470].

The judgment and the order denying a new trial are affirmed.

Shaw, J., Angellotti, J., Melvin, J., and Henshaw, J., concurred.

Rehearing denied.

Beatty, C. J., dissented from the order denying a rehearing.