[L. A. No. 3340.   Department One.—July 8, 1914.]

M. F. BRADY and LILLIE E. WILSON, Respondents, v. M. M. DAVIS, and W. J. DAVIS, her Husband, Appellants.

TAXATION—FAILURE OF AUDITOR TO MAKE AFFIDAVIT TO ASSESSMENT BOOK—INVALID SALE.—The failure of the auditor, prior to the making of a sale of land to the state for delinquent taxes, to make or attach to the assessment book the affidavit required by section 3732 of the Political Code, is fatal to the validity of the sale to the state and to a subsequent sale by it; and it is immaterial that the auditor did the things required to be shown by such affidavit.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. W. M. Conley, Judge.

The facts are stated in the opinion of the court.

Walton J. Wood, Charles Lantz, and Davis, Lantz & Wood, for Appellants.

Carter, Kirby & Henderson, for Respondents.

ANGELLOTTI, J.—Action to quiet title to a lot in the county of Los Angeles. The court found that plaintiffs were

the owners of said lot and that defendants have no title or interest therein. Judgment was given accordingly. Defendants appeal from the judgment and from an order denying their motion for a new trial.

It is conceded that the plaintiffs were the owners of the property unless the title of their predecessor in interest had been divested by delinquent tax proceedings culminating in a deed from the state to the defendant M. M. Davis. The sale to the state and the subsequent sale to the defendant M. M. Davis were founded upon an assessment of the property for state and county taxes for the year 1894. It was shown without conflict that the auditor of Los Angeles County had not at any time prior to the commencement of this action made or attached to the assessment book for 1894, the year in which the taxes claimed to have been delinquent had been assessed, the affidavit required by section 3732 of the Political Code. In fact, it was made to appear that such affidavit has never been attached to said assessment book.

Regardless of other points made in support of affirmance, the judgment and order denying a new trial must be affirmed upon the authority of *Moyer* v. *Wilson*, 166 Cal. 261, [135 Pac. 1125]. The fact that it was shown on the trial that the auditor did the things required to be shown by such affidavit is entirely immaterial.

The actual annexing of the affidavit is essential to the validity of the proceedings, and such annexing must be made at least prior to the making of the sale to the state. (*Moyer* v. *Wilson*, 166 Cal. 261, [135 Pac. 1125].)

It is to be noted that judgment was ordered in favor of plaintiffs in this action only upon condition that the plaintiffs pay to the clerk of the court for the use and benefit of the defendants the amount, specifying it, of the purported taxes, penalties, interest, and costs against the property on the day of the sale of said property by the state, and the judgment recites that such payment was made.

The judgment and order denying a new trial are affirmed.

Shaw, J., and Sloss, J., concurred.