[Civ. No. 2617.   Second Appellate District, Division One.—February 5, 1919.]

## C. L. BUTTERFIELD, Appellant, v. UNION HOLLYWOOD WATER COMPANY (a Corporation), Respondent.

Deeds—Description Ambiguous—Insufficient Conveyance.—Where, as shown by the evidence, the description in a deed is equally applicable to different pieces of property, so that it cannot be said which it was intended to cover, the description, owing to uncertainty, is insufficient as a conveyance of property.

Taxation—Assessment-book—Correction by Board of Supervisors— Absence of Affidavit of Clerk—Sale of Land for Delinquent Taxes.—Where the assessment-book, delivered to the auditor after correction by the board of supervisors, was not accompanied by the affidavit of the clerk as required by section 3682 of the Political Code, and such affidavit was not subsequently attached thereto, the tax collector had no authority to enforce the assessment by sale of the property for the delinquent tax.

Id.—Void Tax Deed—Repayment by Owner of Taxes Paid by Purchaser — Construction of Political Code, Section 3898, Subdivision 5.—In an action by the holder of a tax deed to quiet title against the original owner of the property, in which action the trial court determined the tax sale to be void, money paid by the holder of the tax deed on account of taxes levied after the issuance of the deed was a voluntary payment, reimbursement for which could not be had under subdivision 5 of section 3898 of the Political Code.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Earl Newmire for Appellant.

Sheldon Borden and George H. Moore for Respondent.

SHAW, J.—Action to quiet title. Judgment for defendant, from which plaintiff appeals.

Plaintiff's claim of title rests upon a tax deed from the state issued for nonpayment of taxes for the year 1908, and unless it is sufficient to divest title, it is conceded the ownership of the property is, as found by the court, vested in defendant. This deed described the property as follows: "In Los Angeles county, Rancho La Brea, 1.00 acre, Com. 31.980 chs. E. and 17.57 chs. S. of Sta. 6, Ro. La Brea, described in M–20–38." Plaintiff called as a witness a surveyor, who undertook to identify and locate the land upon the ground. According to his testimony, he did this by running a line 31.980 chains east and 17.57 chains south from station 6, Rancho La Brea, and then, by reason of "M–20–38" found in the deed, he referred to page 38 of Minute-book 20, kept in the surveyor's office, where he found a plat of a strip of land the northeast corner of which was reached by the line which he ran from station 6 of Rancho La Brea. This strip of land, as shown by the plat, was some seventy-five feet in width, measured north and south, and of sufficient length, measured east and west, to constitute two acres, and through the center of which, extending north and south, there was a private right of way some sixty feet in width. Conceding, but not holding, that for the purpose of identifying the land described in this deed reference might be had to such unofficial document in the surveyor's office—as to which, however, we express grave doubts—nevertheless this witness admits that neither from such two-acre plat nor any data connected therewith could he identify which part of the two-acre plat, found in book 20–38 of the surveyor's minutes, was covered by the description in the deed, but that he arbitrarily assumed the deed referred to the east half of said strip, for no reason other than that the strip was crossed by the private road, and by running the call in the deed he reached the northeast corner of said tract. Upon like arbitrary assumption it could with equal propriety be said the description referred to and covered the north half of said strip. Where, as shown by the evidence, the description in a deed is equally

applicable to different pieces of property, so that it cannot be said which it was intended to cover, the description therein, owing to uncertainty, is insufficient as a conveyance of the property. (*Cadwalader* v. *Nash,* 73 Cal. 43, [14 Pac. 385].)

Moreover, the assessment-book which, after correction by the board of supervisors, was delivered to the auditor by the clerk of the board, was not accompanied by the affidavit of said clerk, as required by section 3682 of the Political Code; nor did the clerk at any time subsequent to such delivery, as in *Miller* v. *County of Kern,* 150 Cal. 797, [90 Pac. 719], make or cause such affidavit to be attached to said corrected assessment-book. As said in *Miller* v. *County of Kern,* 137 Cal. 516, [70 Pac. 549], such act thus shown to have been omitted was essential to the validity of the assessment-book, and in the absence of its performance the tax collector had no right to enforce the assessment. (See *Moyer* v. *Wilson,* 166 Cal. 261, [135 Pac. 1125], and *Brady* v. *Davis,* 168 Cal. 259, [142 Pac. 45].)

The action was commenced on October 5, 1914, and the court, under subdivision 5 of section 3898 of the Political Code, required defendant to pay to plaintiff the sum of $64 on account of sums disbursed by plaintiff for taxes, penalties, and costs in pursuit of the state's alleged title to the property, but refused to include in such sum the amount of $15.96, paid by plaintiff on account of taxes levied against the property for the fiscal year 1914–15, and for which year there is some evidence that defendant paid the tax upon said property. However this may be, the tax of $15.96 was not paid under said subdivision 5 of section 3898 in pursuit of the state's title to said property, but was paid on account of taxes levied after plaintiff supposed he had acquired the state's title, and the payment so made was not in pursuit of the state's title, but as owner of said property. It was a voluntary payment, reimbursement for which cannot be had under section 3898.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.