[Civ. No. 2...3.   Third Appellate District.—March 3, 1924.]

## CHARLES T. JOSLIN, Appellant, v. H. S. SHAFFER et al., Respondents.

[1] TAXATION—FAILURE TO ATTACH AFFIDAVIT TO ASSESSMENT-BOOK— CURATIVE LEGISLATION.—The act of 1915 (Stats. 1915, p. 23), validating all assessments theretofore made which were defective by reason of the failure of the county auditor to attach to the assessment-book the affidavit required by section 3732 of the Political Code, was effective to cure such defect.

[2] ID. — NOTICE OF DELINQUENCY — MAILING TO OWNER — NONCOM- PLIANCE WITH STATUTE.—The requirement of section 3771 of the Political Code that, in addition to the publication of the delin- quent list, the tax collector shall, within five days after the first publication of the delinquent list, mail a copy thereof, postage thereon prepaid and registered, to the party to whom the land was last assessed next before the sale, at his last known postoffice ad- dress, is not complied with, where the tax collector duly mails a copy of the delinquent list as required by said section, except that the envelope contains a direction to return the same if not delivered in ten days; and pursuant to such direction the envelope is returned to the tax collector many days prior to the date of sale.

[3] ID.—NOTICE—DEED AS PRIMA FACIE EVIDENCE—QUIETING TITLE— EQUITY.—A tax deed is but *prima facie* evidence that legal notice of the sale was given by the tax collector; and in an action by the former record owner to quiet his title to the property sold, he is entitled to show that such notice was not given and that, there- fore, the tax deed is void, but his title to the property can be quieted only upon condition that he repay to the purchaser the taxes, penalties, interest, and costs justly chargeable upon the land and which the purchaser has paid at the sale, or afterward upon the faith of it, with legal interest from the time of such payment, less rents received, if any, if the purchaser has been in possession.

(1) 37 Cyc., p. 1068.   (2) 37 Cyc., p. 1298 (1926 Anno.).   (3) 37 Cyc., pp. 1459, 1467, 1524 (1926 Anno.).

APPEAL from a judgment of the Superior Court of Merced County.   E. N. Rector, Judge.   Reversed.

3.   Reimbursement of taxes paid by purchaser as condition of equi- table relief against invalid tax sale, notes, 12 **Ann. Cas.** 230; **L. R. A.** 1915C, 492.   See, also, 26 **R. C. L.** 436.

The facts are stated in the opinion of the court.

John F. Poole and H. E. Gleason for Appellant.

C. W. Croop for Respondents.

FINCH, P. J.—This is an action to quiet title to the land described in the complaint. Judgment was entered quieting defendant H. S. Shaffer's title to the land and the plaintiff has appealed.

Shaffer claims title under a sale of the land for delinquent taxes. "By operation of law and the declaration of the tax collector," the land was sold to the state in the year 1915 for delinquent taxes of the year 1914. The land remaining unredeemed, the tax collector, in the year 1920, pursuant to the provisions of sections 3764 to 3771 of the Political Code, included the land in the delinquent tax list of that year and sold the same to Shaffer, he being the highest bidder therefor. The tax collector thereupon executed a deed to Shaffer.

[1] Appellant contends that the assessment of 1914 is void because of the failure of the county auditor to attach to the assessment-book of that year the affidavit required by section 3732 of the Political Code. It has been held that such affidavit is essential to the validity of a sale of property for delinquent taxes. (*Miller* v. *County of Kern,* 137 Cal. 516 [70 Pac. 549]; *Moyer* v. *Wilson,* 166 Cal. 261 [135 Pac. 1125]; *Brady* v. *Davis,* 168 Cal. 259 [142 Pac. 45].) The legislature in 1915, however, passed an act validating all assessments theretofore made which were defective by reason of the omission to attach the affidavit required by section 3732. (Stats. 1915, p. 23.) Since the legislature in the first instance might have dispensed with the requirement of such affidavit, no reason appears why the validating act is not effective to cure the defect of its omission.

[2] It is urged that the sale of the land to Shaffer is void because legal notice thereof was not given. In addition to notice by publication, section 3771 provided, at the time of the sale in question, that "when any property is to be sold at public auction as provided in this section, within five days after the first publication of said delinquent list, the tax collector shall mail a copy of said list or publication, postage thereon prepaid and registered, to the party to whom

the land was last assessed next before such sale, at his last
known postoffice address." (Stats. 1919, p. 142.) In this
case the sale was noticed for June 28, 1920, and publication
was made on the 4th, 11th, 18th, and 25th of that month.
On the first day of publication the tax collector duly mailed
a copy of the delinquent list, postage thereon prepaid and
registered, to the person to whom the land was last assessed,
at his last known postoffice address, which was Los Angeles.
The envelope in which the list was mailed was admitted in
evidence, and from it and the testimony of the tax collector
it appears, without contradiction, that the envelope con-
tained a direction to return the same to the tax collector
if not delivered in ten days and that it was mailed back to
him on June 17, 1920. Appellant contends that such service
by mail was not a compliance with the statute by reason
of the return of the notice before the day of the sale.

Section 3771 provides that property upon which taxes have
become delinquent "shall, by operation of law and the dec-
laration of the tax collector, be sold to the state." Section
3780 provides: "A redemption of the property sold may be
made by the owner, or any party in interest, within five
years from the date of the sale to the state, or at any time
prior to the entry or sale of said land by the state, in the
manner provided by section three thousand eight hundred
and seventeen." Sections 3764, 3771, and 3897, provide
the procedure by which the owner's right of redemption
may be foreclosed. Section 3764 provides that the de-
linquent tax list shall be so arranged that the publication
thereof "shall designate in some particular manner the prop-
erty contained in said list which was sold to the state five
years previous under the provisions of section three thou-
sand seven hundred seventy-one of this code" and has not
been redeemed. Section 3771 provides that, at the time
fixed for the sale of delinquent property, any property con-
tained in the advertised list "which has not been redeemed
from the sale made to the state five years previously, shall
be sold by the tax collector at public auction to the highest
bidder for cash. . . . After such bid has been made and
accepted the right of redemption shall cease (with exceptions
not applicable here) . . . If no sale is had under the pro-
visions of this paragraph, then said property shall be deeded
to the state." If no sale is had and the property is deeded to
the state, the delinquent owner's right of redemption continues

until the property is sold by the state under the provisions of section 3897: (Pol. Code, secs. 3780, 3817; *Jordan* v. *Beale,* 172 Cal. 226 [155 Pac. 990].) Section 3897 provides for the publication of notice of sale for at least three successive weeks and, in addition thereto, that "it shall be the duty of the tax collector to mail within five days after the publication of said notice of sale a copy of said notice, postage thereon prepaid and registered, to the party to whom the land was last assessed next before the sale, at his last known postoffice address." In *Smith* v. *Furlong,* 160 Cal. 522 [117 Pac. 527], and *Healton* v. *Morrison,* 162 Cal. 668 [124 Pac. 240], it was held that, in a sale by the state under the provisions of section 3897, publication and mailing of notice "were both jurisdictional prerequisites to a valid sale by the state, and that a failure to give the latter notice when the condition existed requiring it, rendered the sale and the deed thereunder void." In the latter case the notice by mail was returned to the tax collector, pursuant to directions on the envelope, prior to the sale, without having been delivered. At page 674 of 162 Cal. (124 Pac. 242) it is said: "In view of the conclusion reached, that notice by mail was not given under the section because it was not sent in time, it is unnecessary to discuss what would be the effect of this procedure by the tax collector when, by reason of the indorsement on the registered letter, it is returned to him many days prior to the date of sale and during which it might have been delivered to the person to whom it is addressed. . . . Certainly there is no warrant whatever for placing a notification thereon calling for such return at any time earlier than the date set for the sale. The party to whom the letter is addressed is entitled to all the advantages for its delivery which the postal system, domestic or foreign, affords, and the tax collector has no right to do anything which may prevent him from having them." The soundness of the views so expressed is so obvious that further discussion of the matter would be superfluous.

[3] Section 3898 provides that a deed from the state for property sold under the preceding section "shall be *prima facie* evidence of all the facts recited therein." Respondent contends that the deed here in question is conclusive evidence that legal notice was given of the sale by the tax collector and that, therefore, the cases arising under

sections 3897 and 3898 are not in point. Relative to a deed executed pursuant to a sale to the state or to an individual under the provisions of section 3771, section 3786 provides: "Such deed, duly acknowledged or proved, is primary evidence that: 1. The property was assessed as required by law; 2. The property was equalized as required by law; 3. The taxes were levied in accordance with law; 4. The taxes were not paid; 5. At a proper time and place the property was sold as prescribed by law, and by the proper officer; 6. The property was not redeemed; 7. The person who executed the deed was the proper officer; 8. Where the real estate was sold to pay a poll-tax or taxes on personal property, that the real estate belonged. to the person liable to pay the tax." Section 3787 provides: "Such deed, duly acknowledged or proved, is (except as against actual fraud) conclusive evidence of the regularity of all other proceedings, from the assessment by the assessor, inclusive, up to the execution of the deed." In *Bernhard* v. *Wall,* 184 Cal. 612, 622 [194 Pac. 1040, 1045], where the notice of sale was first published more than twenty-eight days prior to the day fixed therein for the delinquent sale, it is said that "the publication was not sufficient to authorize the sale and that the deed based thereon was void. Section 3787, which makes the tax deed 'conclusive evidence of the regularity of all *other* proceedings,' from the assessment down to the deed, does not apply to or cure this defect. Sections 3786 and 3787 must be read and construed together. The phrase 'all other proceedings,' in section 3787, refers back to section 3786, and, therefore, includes only such proceedings as are not included in section 3786. The presumption as to the proceeding which fixes the time for the sale is prescribed by section 3786. It declares that the tax deed is 'primary,' meaning *prima facie,* evidence of the fact that the property was sold 'at a proper time.' . . . The tax deeds here in question were, therefore, only *prima facie* evidence that the tax sales on which they were founded were made 'at a proper time.' " A sale made at a time of which legal notice was not given cannot be held to have been made "at a proper time." By subdivision 5 of section 3786 the tax deed is made *prima facie* evidence that "the property was sold as prescribed by law." The law specifically prescribes the notice of sale which must be given, and a sale without such notice

is certainly not made "as prescribed by law." In *Hayes* v. *Ducasse,* 119 Cal. 682, 685 [52 Pac. 121], it is said: "Defendants urge further that the deed fails to show that publication was made of the notice of sale required by section 3765 of the Political Code, and that the omission was fatal. . . . Since . . . the deed contains nothing to show that notice was not published, the due publication thereof is included in the presumption (which flows from the presence of the essential recitals in the deed) that at a proper time and place the property was sold as prescribed by law. (Pol. Code, secs. 3786, 3787.) Whether such presumption is disputable or conclusive is not now material." If publication of notice is included in the presumption that "at a proper time and place the property was sold as prescribed by law," the exact language of subdivision 5, section 3786, then it necessarily follows that such presumption is one of those enumeraetd in that section and is not conclusive. It is not lightly to be presumed that the legislature intended to make a tax deed conclusive evidence, contrary to the fact, that the owner was given notice of his last opportunity to save his property. Whether a provision making a tax deed conclusive evidence that such notice was given would be a denial of due process of law has not been considered because it clearly appears that the legislature did not intend to give such deed that effect. From what has been said it follows that the deed in question is void. Plaintiff's title to the property can be quieted, however, only upon condition that he repay to the purchaser "the taxes, penalties, interest, and costs justly chargeable upon the land and which the purchaser has paid at the sale, or afterwards upon the faith of it, with legal interest from the time of such payment, less rents received, if any, if the purchaser has been in possession." (*Holland* v. *Hotchkiss,* 162 Cal. 366, 375 [L. R. A. 1915C, 492, 123 Pac. 258].) The other grounds urged for a reversal are of minor importance and it is sufficient to say that they are without merit.

The judgment is reversed.

Plummer, J., and Hart, J., concurred.