[Civ. No. 3632. Third Appellate District.—November 26, 1928.]

M. M. TEATER, Respondent, v. HOPE MILLER JOHNSON et al., Appellants.

Andrew J. Copp, Jr., for Appellants.

Wilson & Snow for Respondent.

FINCH, P. J.—The defendant, Hope Miller Johnson, has appealed from the judgment herein quieting plaintiff's title to the northwest quarter of section 15, township 5 south, range 4 west, San Bernardino base and meridian, excepting lots 37 and 38 in said quarter-section, said lots containing 24.05 acres of land.

Appellant claims title under a tax deed executed pursuant to a sale of the land in the year 1919 for nonpayment of the second installment of taxes levied in 1912. In the year 1912 H. L. Carnahan was the owner of the land in controversy, but he was not the owner of lots 37 and 38. The land was last assessed next before the sale to William Collier. The court found:

"That for the year 1912, the whole of the said northwest quarter of section fifteen was assessed to the said H. L. Carnahan. That said assessment was for more land than was owned by the said H. L. Carnahan and placed upon him an additional burden of taxation and subsequently an additional burden of redemption as to the amount of land which he did not own, but with which he was assessed, viz.: 24.05 acres. That no notice of the time and place of the said sale of July 26, 1919, was given to the said William Collier, the then assessed owner of said property and the person entitled to receive the same."

The only conflict in the evidence bearing upon the facts so found relates to the finding that notice was not given to Collier. In that connection, the tax collector testified:

"My name is C. R. Stibbens. I am the county tax collector of the county of Riverside. I was such county tax collector in the year 1912 as well as at all times subsequently thereto. I caused a copy of the published notice of sale for nonpayment of taxes for the year 1912 on the property involved in this action, postage thereon prepaid, and registered, to be mailed to Hook Bros. at Perris, California. I mailed only one notice with respect to this land. This was by registered mail and I demanded a return receipt therefor. (Whereupon witness produced from his files and records post office return receipt No. 120.) I identify the post office return receipt for the notice so mailed, No. 120, which is in my file pertaining to this sale." Such return was introduced in evidence and marked plaintiff's exhibit B. It was signed "Hook Bros." by "J. F. Hook." On cross-examination the witness testified: "I testified on direct examination that I mailed only one notice of sale and that was to Hook Bros. By referring to the public records in the county assessor's office of the county of Riverside I find that the northwest quarter of said section 15, the property sold, was last assessed next before said sale in the name of William Collier, and not to Hook Bros. I do not know why plaintiff's exhibit B is in my file pertaining to the sale of the northwest quarter of said section 15. I do not find the return registry receipt for the notice sent by registered mail to Mr. Collier, but I know the notice was sent by registered mail, postage prepaid, and it was sent to William Collier,

Perris, California. . . . I must have done so in this case, . . . but do not know whether I received any return receipt or not. My custom has always been to file the return receipt with the file pertaining to the tax sale proceedings. . . . Either no such receipt came back from Mr. Collier or else it was placed in the wrong file." On redirect examination the witness testified: "I have no positive recollection of mailing any notice to Mr. Collier and the only reason I testified that I must have done so is that I always mail these notices to the last assessed owner next before the sale. Any notice that I might have sent to Mr. Collier in connection with this property would be enclosed in the same kind of an envelope as the one in which the notice to Hook Bros. was enclosed and it would have the same printed directions, to-wit: 'Return in 5 days to C. R. Stibbens, Tax Collector.' "

It cannot be said as a matter of law that the foregoing evidence is insufficient to support the finding that no notice of sale was sent to Collier. Such notice was a jurisdictional prerequisite to a valid sale by the state. (Pol. Code, sec. 3897; *Healton* v. *Morrison*, 162 Cal. 668, 670 [124 Pac. 240]; *Joslin* v. *Shaffer*, 66 Cal. App. 69, 72 [225 Pac. 307].)

Since lots 37 and 38 were included in the assessment to Carnahan of the northwest quarter of section 15, the trial court was justified in drawing the inference that Carnahan's assessment was increased in amount by reason of the inclusion of the 24.05 acres of land which did not belong to him. The assessment of lots 37 and 38 was so blended with the assessment of the remainder of the quarter-section as to render the entire assessment void. (*San Pedro etc. R. R. Co.* v. *Los Angeles*, 180 Cal. 18, 27 [179 Pac. 393].)

The judgment is affirmed.

Hart, J., and Plummer, J., concurred.