[Civ. No. 4080. Fourth Dist. Mar. 8, 1951.]

MINA RING DIERSSEN, Respondent, v. R. G. SZMIDT, Appellant.

Henry O. Wackerbarth for Appellant.

Thompson & Thompson for Respondent.

GRIFFIN, Acting P. J.—Action to quiet title. Defendant appeals from a judgment quieting plaintiff's title to certain lots acquired by tax sale near Coalinga. Plaintiff is successor in interest of the tax-title purchaser. Defendant was the original owner and acquired title thereto in 1921.

The facts are not in dispute. On June 25, 1925, the property was sold to the state for nonpayment of 1924 taxes. It was deeded to the state on June 30, 1930. On October 8, 1937, application was filed to sell the property at public auction. The sale proceedings were started. Notice of sale was published on December 3, 1937, and stated that the sale would be held on December 28. On December 10, the County Tax Collector mailed to defendant at "724 South Los Angeles Street, Los Angeles, California" (the address of defendant shown on the assessment roll) with postage prepaid, and by registered mail, a copy of the published notice. The envelope bore an endorsement: "Return Receipt Requested," and the endorsement that after 30 days the letter was to be returned to the County Tax Collector at Fresno. It bore the postmarks as having been mailed on December 10, 1937, and arriving in Los Angeles on December 11, and on January 11, 1938, it was mailed back to Fresno from Los Angeles, arriving at Fresno on January 12. It bore the post-office endorsement: "Return to writer unclaimed," "Unknown."

At all times since 1921 the property was assessed to R. G. Szmidt. Defendant resided in Fresno until 1923. She then moved to the above address in Los Angeles, where she was in business. In 1924, she sold that business and moved away. She states she received some mail at that address which was forwarded to her by the occupant of the premises. She testified she did not receive the notice of sale mailed by the Fresno County Tax Collector and had no knowledge of the sale until July, 1939. Defendant paid no taxes on the property subsequent to the year 1923. Prior to July 19, 1938, plaintiff entered into an oil-drilling lease involving the lots in dispute with one Terry. Thereafter, defendant entered into a similar lease with him. No physical occupancy of the unenclosed property was ever effected by any of the parties or the lessee.

Defendant was allowed to amend her answer and in addition to denying plaintiff's title, set up a claimed defense that the action of plaintiff was barred by the provisions of section 3897, subdivision 8 of the Political Code, and sections 3725 and 3726 of the Revenue and Taxation Code. The deed from the tax collector to plaintiff's predecessor in interest was dated December 29, 1937, and recorded January 3, 1938. The instant action was filed November 9, 1945.

The main defect in the tax sale upon which defendant relies for a reversal of the judgment is that a copy of the published notice of sale was not mailed to the last assessed owner 21 days before the sale or within five days after the publication of such notice, as required by former section 3897 of the Political Code. (Stats. 1921, ch. 300, p. 400, now carried in Rev. & Tax. Code, ch. 7, part 6, div. 1.) Counsel for plaintiff admits that the notice was mailed seven days after publication, instead of the five-day provision set forth in that section, and admits that said notice was mailed 18 days before the sale, but argues, and the court found that the curative acts, enacted since the tax sale, fully validated any alleged defects in the tax sale. Defendant seeks to avoid the application of these validating acts by asserting that the errors here complained of were jurisdictional in character, involved due process, and accordingly could not be thus cured.

Section 3897 of the Political Code was amended (Stats. 1935, ch. 396, p. 1441) in effect July 6, 1935. It read, at the time of the tax sale in 1937, that notice of sale must be published or posted not less than three weeks prior to the sale and a copy of the notice of sale must be mailed within five days after the publication. The requirement of mailing by

registered mail was omitted. It further provided that the deed of the tax collector "shall be prima facie evidence of the regularity of all proceedings from the assessment of the assessor to and including the execution of such deed"; and provided in subdivision (8) that no action could be maintained to question the validity of any proceeding unless the same should have been commenced within *six months* after the date of the execution of the deed of the tax collector, "and thereafter all persons shall be barred from commencing or prosecuting any such action or maintaining any defense *in any action* based upon the alleged invalidity or alleged irregularity in such proceeding." *Bray* v. *Jones,* 20 Cal.2d 858 [129 P.2d 357], definitely holds that the Legislature has full control over the sale of property belonging to the state, and may at any time regulate the method of its disposition, and that a sale by the state of property sold to it for delinquent taxes is governed by the law as it stands *at the time of the sale by the state.* It would appear, therefore, that section 3897 of the Political Code, as amended in 1935, was the statute to be here applied since defendant is not claiming any defect in the sale to the state.

Defendant cites 37 Cyc. 1379-1380, wherein it is said : "Failure to give the owner of the property the requisite notice of . . . the sale . . . is a jurisdictional defect and not one which can be cured," and also cites such cases as *Jones* v. *Walker,* 47 Cal.App.2d 566 [118 P.2d 299] ; *Hall* v. *Chamberlain,* 31 Cal.2d 673 [192 P.2d 759] ; *Warden* v. *Broome,* 9 Cal. App. 172 [98 P. 252] ; *Bernhard* v. *Wall,* 184 Cal. 612 [194 P. 1040] ; and *Dougery* v. *Bettencourt,* 214 Cal. 455 [6 P.2d 499], in support of this statement.

*Tannhauser* v. *Adams,* (Cal.App.) 182 P.2d 280, was a case which this court had before it involving a similar question. We there believed that where the delinquent tax list and notice of taxes due were published, a taxpayer could not complain that he was denied due process of law on the ground that the tax collector failed to mail the notice of sale by registered mail to his last known post-office address as required by statute since the publication was sufficient notice in and of itself to satisfy due process of law, and that since the additional requirement that the tax collector mail a notice to the last known post-office address of the assessee was a legislative act, the curative clause would cure anything which the Legislature could have omitted in the first instance. There is considerable authority opposed to this contention. (Black

on Tax Titles, § 205, p. 255; § 206, p. 256; § 210, p. 264; § 484, p. 619; *Teater* v. *Johnson,* 95 Cal.App. 182, 185 [272 P. 313]; *Joslin* v. *Shaffer,* 66 Cal.App. 69 [225 P. 307]; and other authorities cited by defendant.) This court also held in that same action that the statute of limitations (Rev. & Tax. Code, § 3521) ran against the property owner seeking to quiet title against the tax deed holder. A hearing was granted by the Supreme Court and it, in *Tannhauser* v. *Adams,* 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015], sustained the last holding but as to the first holding it said, at page 171:

"We are of the view, however, that although such a failure has on occasion been termed a 'jurisdictional' defect, a delinquent taxpayer's right to raise it may, at least under the circumstances shown in this case, be terminated by limitation statutes. Consequently, it becomes unnecessary to here consider the scope and constitutionally permissible effect of the curative acts."

It is defendant's argument that no statute of limitations operates against him and that section 3897, subdivision (8) (Stats. 1935, ch. 396, p. 1441) does not bar an owner from defending a quiet title action brought by a tax-title purchaser, and if so it is unconstitutional; that sections 3725 and 3726 of the Revenue and Taxation Code, which provide: "3725 . . . A proceeding based on alleged invalidity or irregularity of any proceedings instituted under this chapter can only be commenced within one year after the date of execution of the tax collector's deed," and section "3726 . . . A defense based on the alleged invalidity or irregularity of any proceeding instituted under this chapter can be maintained only in a proceeding commenced within one year after the date of execution of the tax collector's deed," are not applicable because the instant proceedings were not instituted under chapter 7, part 6, division 1 of the Revenue and Taxation Code; that section 175 of the Revenue and Taxation Code (Stats. 1945, ch. 1017, p. 1963, effective Sept. 15, 1945), which provides that tax deeds to the state "shall be conclusively presumed to be valid unless held to be invalid in an appropriate proceeding in a court of competent jurisdiction to determine the validity of said deed commenced within one year after the execution of said deed, or within one year after the effective date of this section, whichever be later," is not applicable because this action was brought within one year from the date that section became effective, citing *Clark* v. *Duncanson,* 79 Okla. 180 [192 P. 806, 16 A.L.R. 315].

■ We see no reason why the limitation provisions of section 3897, subdivision (8) as amended (Stats. 1935, ch. 396, p. 1441) are not applicable, unless under the decision of *McCaslin* v. *Hamblen* (Oct. 1950), *(Cal.App.) 223 P.2d 326, the owner was in actual or constructive possession of the lots and the limitation statute would not apply as to such owner. See, also, *Tannhauser* v. *Adams*, 31 Cal.2d 169 [187 P.2d 716, 5 A.L.R.2d 1015].

Under the issues and evidence here presented neither party was in actual possession in the "usual sense," nor were they in such possession as might preclude the operation of such a statute of limitations. (*Union Title Ins. & Trust Co.* v. *Thorp*, 94 Cal.App.2d 421, 424 [210 P.2d 905].)

Had defendant instituted this action to quiet title to the property against the plaintiff in 1945, eight years after the tax collector's deed in question was executed, predicated upon the claim that the tax deed was void, it would appear that she would be barred under the provisions of that section from maintaining such an action. The pertinent provisions of former section 3897 of the Political Code, as amended, were carried into chapter 7, part 6, division 1 of the Revenue and Taxation Code, which chapter, as well as the proceedings under consideration, involve the "Sale to Private Parties after Deed to State." See Stats. 1939, ch. 154, p. 1274, § 2, which recites: "The provisions of this code in so far as they are substantially the same as existing statutory provisions relating to the same subject matter shall be construed as restatements and continuations, and not as new enactments."

Defendant does not contend that the sale *to the state* was invalid but claims the invalidity is in the subsequent proceedings. If, therefore, plaintiff would have been barred under section 3897 of the Political Code, subdivision (8), as amended, in maintaining such an action, based on the invalidity or irregularity of the proceedings here involved, there is no logical reason to hold that she would not be barred, under the six months' provision of that section, from setting up a defense to an action to quiet title based upon the same invalidity or irregularity, particularly where there was no showing that the original owner was in possession of the property. The tax deed which defendant attacks in this proceeding was executed in 1937. The instant action in which she raised its invalidity or the alleged irregularities was not

---

*A hearing by the Supreme Court was granted on Nov. 14, 1950, and the final decision of that court is reported in 37 Cal. 2d——.

commenced until 1945. Since *Miller & Lux, Inc.* v. *Secara,* 193 Cal. 755 [227 P. 171], and *Tannhauser* v. *Adams, supra,* page 176, have determined that a lack of jurisdiction due to insufficient notice may be cured by a statute of limitations, and since it is here held that the statute of limitations applies against defendant, it becomes unnecessary to determine the question of the application of the curative statute cited.

The constitutionality of former section 3897 of the Political Code, containing subdivision 8 (Stats. 1935, ch. 396, p. 1437) is attacked upon the ground that the limitation contained in that subdivision, which was not contained in former section 3897 of the Political Code, was not contained in the title of the act when enacted, citing article IV, Constitution of California, section 24; 23 California Jurisprudence, page 650, section 46, and cases cited.

The general purpose of the original act was in respect to the sale of tax-deeded property and any additional rights or limitation of rights of the parties dealing thereunder conferred by the amendment do not treat of a new subject and, therefore, a reference in the title of the amendatory act to the general subject and to the number of the code section amended was a sufficient compliance with article IV, section 24 of the Constitution. (*County of Los Angeles* v. *Hurlbut,* 44 Cal. App.2d 88 [111 P.2d 963]; *Milgate* v. *Wraith,* 19 Cal.2d 297 [121 P.2d 10].)

This sufficiently disposes of the questions raised.

Judgment affirmed.

Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 3, 1951.